**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3648
_____

JONATHAN VALENTIN,
Appellant

v.

ESPERANZA HOUSING COUNSELING
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:18-cv-01984)
District Judge:  Honorable C. Darnell Jones II
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 11, 2020
Before:  KRAUSE, MATEY, and ROTH, Circuit Judges

(Opinion filed February 4, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Starting in 2008, Appellant Jonathan Valentin worked with Esperanza Housing Counseling ("EHC") to avoid foreclosure on his Philadelphia, Pennsylvania home. In particular, EHC assisted Valentin with obtaining a "mortgage modification, a pilot mortgage home equity loan and a PHFA mortgage grant."[1]

The relationship soured in 2014, when EHC allegedly subjected Valentin to "harassment, hazing, denial of services and legal representation." And it ended in 2016, when EHC closed Valentin's "credit case file." The case-file closure was rooted in a variety of seemingly uncontroversial factors, including Valentin's employment and overall financial status.[2] Valentin believed, however, that unlawful phenotypical bias was one of the factors in the mix. As proof, he alleged that EHC employees referred to him using a racial epithet, criticized his lack of Spanish literacy, and made "comments such as . . . don't you want to help out your own race."

In response to this perceived mistreatment, Valentin filed a pro se suit against EHC in the United States District Court for the Eastern District of Pennsylvania. He raised the following claims in his Complaint: harassment under the Fair Debt Collection Practices Act (the FDCPA), see 15 U.S.C. § 1692d; "hazing," as defined in the laws governing the conduct of midshipmen in the United States Naval Academy, see 10

---

[1] We accept as true all well-pleaded factual allegations in Valentin's operative pleading: his third amended complaint (Complaint). See Phillips v. Cty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). Quoted text is pulled directly from the Complaint.

[2] Insofar as Valentin alleged that things ended in part because he refused to "forcefully segregate into and or with [EHC's] voluntary program and its participants," we discount

U.S.C. § 6964; and racial discrimination under Title VI of the Civil Rights Act of 1964 (Title VI), see 42 U.S.C. § 2000(d).

After a court-ordered settlement conference proved fruitless, EHC filed a motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). Valentin did not file a response.

In its opinion disposing of EHC's motion, the District Court first determined that Valentin failed to adequately plead an FDCPA claim, as the Complaint lacked allegations that EHC (1) is a debt collector, (2) attempted to collect a debt, or (3) violated a particular provision of the FDCPA. The District Court next determined that Valentin's 'hazing' claim is not cognizable under any available body of law. Turning to the third claim, the District Court determined that the Complaint lacked allegations showing that EHC receives federal financial assistance, as required by Title VI. The District Court determined in the alternative that Valentin failed to adequately plead a prima facie case of discrimination by EHC. Finally, the District Court liberally construed the Complaint as raising a claim under 42 U.S.C. § 1981—which prohibits discrimination in the making and enforcement of contracts on the basis of race—and determined that such a claim was inadequately pleaded for essentially the reasons that stymied the Title VI claim.

The District Court thus granted EHC's motion. It dismissed the FDCPA and hazing claims with prejudice. Open to the possibility that Valentin could cure the pleading defects of his Title VI and § 1981 claims, the District Court dismissed those

---

this contextless allegation because it defies comprehension; i.e., it is not well-pleaded.

claims without prejudice to the filing of a fourth amended complaint within three weeks of its relevant order. The District Court warned Valentin that, if he did not timely amend, the whole case would be dismissed with prejudice. The warning went unheeded; the District Court entered judgment as promised; and Valentin timely appealed.[3]

After careful consideration of the arguments raised in Valentin's pro se brief, we discern no error by the District Court. The Complaint, which Valentin declined to further amend despite the District Court's invitation, failed to state a viable claim for relief.

Specifically, the District Court properly dismissed Valentin's § 1981 claim because, among its deficiencies, the Complaint lacked allegations plausibly demonstrating that race was a but-for cause of the Valentin-EHC relationship's end. See Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media, 140 S. Ct. 1009, 1019 (2020) (holding that "[t]o prevail [on a § 1981 claim], a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right"). Indeed, Valentin made clear in his Complaint that his race was, at most, one of several factors that led EHC to close his case file.

The District Court also properly dismissed the FDCPA claim. Valentin's argument that EHC served as an FDCPA-covered debt collector on behalf of his mortgagee is simply implausible in light of the factual narrative set forth in the Complaint. See 15 U.S.C. § 1692a(6); cf. Santiago v. Warminster Twp., 629 F.3d 121,

---

[3] We have jurisdiction under 28 U.S.C. § 1291. Our review is de novo. Davis v. Samuels, 962 F.3d 105, 111 n.2 (3d Cir. 2020).

4

133 (3d Cir. 2010) (explaining that "'possibility' is no longer the touchstone for pleading sufficiency after *Twombly* and *Iqbal*. Plausibility is what matters"). Lastly, the District Court properly dismissed the Title VI claim for lack of allegations that EHC is the recipient of federal financial assistance. See Davis, 962 F.3d at 115 n.11. Perhaps Valentin could have fixed that pleading defect but, as noted above, he chose not to.

Accordingly, we will affirm the judgment of the District Court.[4]

---

[4] Valentin does not attempt to defend the pleading of his unique "hazing" claim, which, in any event, was properly dismissed as non-cognizable.